**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** *Plaintiff,* | § | |
| **v.** | § | **MO:25-CV-00568-DC** |
| **ANGEL GUILLERMO LUJAN, CHRISTINE RODRIGUEZ, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT,** *Defendants.* | § | |

# ORDER

Before the Court are United States Magistrate Judge Ronald C. Griffin's Report and Recommendation[1] concerning Plaintiff's Motion for Default Judgment against Angel Guillermo Lujan,[2] along with Lakeview's separate Motion for Summary Judgment against Christine Rodriguez.[3]

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in so doing, secure de novo review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error.[4] No timely objection having been filed, the Court's review is straightforward: clear error.

---

1 Doc. 17.
2 Doc. 13.
3 Doc. 16.
4 *See* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Finding none, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge insofar as it recommends denying the Motion for Default Judgment as premature. Lakeview's Motion for Default Judgment is hereby **DENIED WITHOUT PREJUDICE**. This Order does not set aside the Clerk's entry of default against Lujan.

Lakeview's Motion for Summary Judgment is similarly **DENIED WITHOUT PREJUDICE**. The Court notes that while the July 3, 2025 notice identifies the default and warns of future acceleration, Lakeview has not sufficiently established either when and how the debt was accelerated or whether the required notice was furnished. As a result, the present submission is insufficient to establish entitlement to foreclosure of the entire accelerated balance under Federal Rule of Civil Procedure 56.

The Court further highlights the following issues that require additional evidence or argument in <u>any future motion for summary judgment or default judgment</u>:

1. **<u>Acceleration and Notice.</u>** Lakeview shall introduce evidence identifying the act and date of acceleration, together with competent evidence of a legally sufficient transmission, including (if so argued) the filing and service of this action. Lakeview shall also identify any competent evidence establishing compliance with any applicable contractual default-and-cure notice requirement.

2. **<u>Updated Accounting.</u>** Lakeview shall submit a sworn *and itemized* statement of the secured debt as of a specified date, including: (a) principal; (b) interest; (c) escrow advances; (d) corporate advances; (e) fees; and (f) credits.

3. **<u>Attorney Fees Declaration.</u>** Lakeview shall submit an affidavit or declaration identifying the services performed, time reasonably expended, relevant

timekeepers and rates, and the basis for the requested attorney fees. Lakeview shall separately itemize requested costs and confirm that such costs are not duplicated in the requested payoff.

4. **Updated Interest Calculation.** Lakeview shall submit a corrected annual interest rate and daily dollar accrual. Lakeview shall also identify the legal basis for the requested post-judgment interest rate.[5]

5. **Foreclosure Prerequisites.** Lakeview shall offer a concise explanation, supported by sufficient evidence and authority, establishing the prerequisites applicable to the requested foreclosure, including any applicable Federal Housing Administration servicing requirements or exceptions material to entitlement to relief.

6. **Revised Proposed Final Judgment.** Lakeview shall submit a revised proposed final judgment specifying one coherent foreclosure procedure (judicial as opposed to non-judicial) and its governing authority, including applicable federal judicial-sale requirements. The proposed judgment shall expressly limit recovery against the individual Defendants to the property and proceeds consistent with the relief pleaded.

---

[5] This requirement mandates review of the proposed 3.75% "per diem" rate in light of the quote summary identified in the payoff statement (Doc. 16-1 at 33). It further requires Lakeview to provide the Court with an explanation of the legal basis for the requested post-judgment rate, including the applicability of 28 U.S.C. § 1961, rather than simply invoking the proposed 7.25% Texas rate.

Failure to adequately address these issues in a future motion for summary judgment or default judgment may result in denial of the renewed motion(s). Additionally, Lakeview must continue to comply with its obligations under the HUD consent order.[6]

No final judgment or authorization to conduct a foreclosure sale is entered by this Order.

It is so **ORDERED.**

**SIGNED THIS 6TH DAY OF NOVEMBER, 2026.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**

[6] Doc. 10.